UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JANE DOE,

                       Plaintiff,

     -against-

SABINA KAPLAN, et al.,

                     Defendants.
-------------------------------------------------------------x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

16-CV-9870 (NSR)(JCM)

     WHEREAS discovery exchanged between Plaintiff and Defendants Kaplan, Snyder, and Padilla ("Represented Defendants") may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or (b) contain information that is confidential under state or federal law,

     IT IS HEREBY STIPULATED AND AGREED that:

     1.     <u>Definitions.</u> The following terms shall have the following meanings. The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court. "DOCCS" means the New York State Department of Corrections and Community Supervision. "OMH" means the New York State Office of Mental Health.

     2.     As set forth herein, Confidential, Highly Confidential, and Attorneys Eyes Only Material shall be treated as confidential and not disclosed, except to the extent provided in this Order or as otherwise ordered by the Court.

3. "Confidential Material" means documents or other materials produced pursuant to this Order which any producing party in good faith believes (a) are confidential under state or federal law, or (b) contain sensitive information that requires protection from general or public disclosure, (c) would jeopardize correctional or institutional safety, security or good order, or (d) which contain personal or identifying information of DOCCS or OMH employees or inmates. Without limiting the foregoing, regardless of who is the producing party, the parties agree that "Confidential Material" shall include documents or other materials concerning sexual history, sexual or physical abuse, and mental health or medical history. The parties will use best efforts to avoid designating as "Confidential" documents or materials that are publicly available or in the public domain.

4. Confidential Material may not be shown, produced, disclosed, or discussed with anyone except counsel for Plaintiff, Plaintiff, Counsel for Represented Defendants, Represented Defendants, and DOCCS or OMH employees, to the extent that they would have access to the Confidential Material as part of their employment with DOCCS or OMH.

5. "Highly Confidential Material" means any documents or other materials produced pursuant to this Order which the producing party in good faith believes, for individual or institutional safety and security reasons, should not be disclosed to any person other than counsel for Plaintiff and counsel for Represented Defendants, and DOCCS or OMH employees, to the extent that they would have access to the Highly Confidential Material as part of their employment with DOCCS or OMH.

6. Highly Confidential Material may not be shown, produced, disclosed, or discussed with anyone except counsel for Plaintiff and counsel for Represented Defendants,

except that: (i) Highly Confidential Material may be shown, produced, disclosed, or discussed with DOCCS or OMH employees, to the extent that they would have access to the Highly Confidential Material as part of their employment with DOCCS or OMH, and (ii) Plaintiff's counsel may discuss Highly Confidential Material with Plaintiff, provided that Plaintiff's counsel does not show, produce, or disclose documents containing Highly Confidential Material to Plaintiff.

7. Notwithstanding the provisions of paragraph 6, Highly Confidential Material may be shown to Plaintiff, a former DOCCS inmate, as follows: (i) Plaintiff's own medical records; (ii) Plaintiff's own mental health records, provided that the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced; and (iii) Plaintiff's own statements to the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity.

8. "Attorneys Eyes Only Material" means any documents or other materials produced pursuant to this Order which the producing party in good faith believes, for individual or institutional safety and security reasons, should not be disclosed to or discussed with any person other than counsel for Plaintiff and counsel for Represented Defendants and DOCCS or OMH employees, to the extent that they would have access to the Attorneys Eyes Only Materials as part of their employment with DOCCS or OMH.

9. A designation of "Attorneys Eyes Only" means that it shall not be shown to, released, disclosed, or discussed in any manner to or with any other person, including Plaintiff, who does not fall within this paragraph. Plaintiff's counsel may not show,

produce, disclose, or discuss Attorneys Eyes Only Material with Plaintiff.

10. Notwithstanding paragraphs 4, 6, and 9, the parties agree that the receiving party retains the right to object to and challenge the designation as Confidential, Highly Confidential, or Attorneys Eyes Only Material of any materials which the receiving party believes should not be so designated by following the procedures set forth in paragraph 14.

11. Notwithstanding paragraphs 4, 6, and 9, Confidential, Highly Confidential, and Attorneys Eyes Only Material may be also be disclosed to: employees or agents of counsel for Plaintiff and Represented Defendants actively assisting in the prosecution or defense of this action; expert witnesses or consultants retained for the purposes of the prosecution or defense of this action, except that prior to any such expert witness or consultant being provided any such materials, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto; the court reporter; the Court; any other person who was an author, sender, addressee, designated recipient, or source of the Confidential, Highly Confidential, and Attorneys Eyes Only Material; all deposition witnesses in this action, including counsel for such witnesses, to the extent that Confidential, Highly Confidential, and Attorneys Eyes Only Material is reasonably believed or expected to relate to the witnesses' testimony except that, prior to any such person being given access to the Confidential, Highly Confidential, and Attorneys Eyes Only Material, counsel for the opposing party is given the opportunity to object to disclosure of the Confidential, Highly Confidential, and Attorneys Eyes Only Material, and, should disclosure be permitted, that person may be shown the Confidential, Highly Confidential, or Attorneys Eyes Only Material but will not be allowed to retain it; and such other persons otherwise ordered by the Court. The parties reserve the right to renegotiate the process for objecting to

disclosure of Confidential, Highly Confidential, and Attorneys Eyes Only Material to deposition witnesses and propose a modification of this Order to the Court, should the process set forth herein prove unworkable.

12. The parties acknowledge that the production of Confidential, Highly Confidential, and Attorneys Eyes Only Material pursuant to this Order shall not waive a party's right to withhold from production other material based on an assertion of any statutory or common-law privilege or waive any other party's right to contest any such assertion of privilege.

13. All Confidential, Highly Confidential, and Attorneys Eyes Only Material shall be stamped or otherwise designated "Confidential," "Highly Confidential," or "Attorneys Eyes Only" by the party producing the information prior to such production.

14. If a party objects to the designation of any document as Confidential, Highly Confidential, and Attorneys Eyes Only Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential, Highly Confidential, and Attorneys Eyes Only Material within 30 days of the objecting party's receipt of the Confidential, Highly Confidential, and Attorneys Eyes Only Material. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 60 days of the initial objection, request the Court to remove the designation. Any disputed documents shall be treated as Confidential, Highly Confidential, and Attorneys Eyes Only Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

15. An inadvertent failure to designate Confidential, Highly Confidential, and Attorneys Eyes Only Material as such may be corrected by supplemental written notice, including notice via email, given as soon as practicable. If a disclosing party makes a claim of inadvertent

disclosure, the receiving party shall, within five business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the inadvertently disclosed information. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

16. To the extent Plaintiff's counsel obtained copies of Confidential, Highly Confidential, or Attorneys Eyes Only Material herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential, Highly Confidential, or Attorneys Eyes Only Material.

15. Notwithstanding the treatment as Confidential, Highly Confidential, or Attorneys Eyes Only Material of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, it is understood that the names, names of family members, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee or inmate who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS or OMH. Nothing herein will be deemed a waiver of Represented Defendants' objections to producing health care, mental health care or employment records in this action.

16. All transcripts of depositions taken in this Action will be treated as Attorneys Eyes

Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential, Highly Confidential, or Attorneys Eyes Only Material any portion of the transcript, by page and line, and any deposition exhibits, and such designation must be provided to Plaintiff's counsel and Represented Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential, Highly Confidential, or Attorneys Eyes Only Material.

17. Confidential, Highly Confidential, and Attorneys Eyes Only Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's or Represented Defendants' counsel, provided, however, that, in the event that either party to this Stipulation intends to produce documents containing Confidential, Highly Confidential, and Attorneys Eyes Only Material or that contain Confidential, Highly Confidential, and Attorneys Eyes Only Material obtained from such documents in response to such order, the producing party shall serve notice of such order upon opposing counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give opposing counsel the opportunity to seek a protective order against such production.

18. Except as provided in provided for in paragraphs 4, 6, 7, and 9 herein, consented to in writing by Represented Defendant's counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order: (a) Attoneys Eyes Only Material shall not be released, shown to, disclosed, or discussed in any manner to any person who

Case 7:16-cv-09870-NSR-JCM Document 47 Filed 11/09/18 Page 8 of 11

is or was an inmate in the custody of DOCCS, including Plaintiff, (b) Highly Confidential Material shall not be shown to, released, disclosed, or discussed in any manner to any person who is or was an inmate in the custody of DOCCS, including Plaintiff, except that such information may be discussed with Plaintiff, and (c) Confidential Material may not be shown to, released, disclosed, or discussed in any manner to any person who is or was an inmate in the custody of DOCCS, with the exception of Plaintiff.

19. Confidential, Highly Confidential, and Attorneys Eyes Only Material shall not be disclosed in open court without first affording opposing counsel an opportunity to contest disclosure and/or admissibility of the Confidential, Highly Confidential, and Attorneys Eyes Only Material.

20. In the event that a party intends to file with the Court any papers that attach or enclose documents containing Confidential, Highly Confidential, or Attorneys Eyes Only Material produced pursuant to this Stipulation and of Confidentiality and Protective Order or that contain Confidential, Highly Confidential, or Attorneys Eyes Only Material obtained from such documents, including deposition transcripts, that party shall file those materials under seal based upon the producing party's designation and pursuant to the Court's instructions for filing documents under seal. Any party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only the Confidential, Highly Confidential, or Attorneys Eyes Only Material, or reference thereto, and does not redact text that in no material way reveals the Confidential, Highly Confidential, or Attorneys Eyes Only Material.

21. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed

material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

22. No person receiving Confidential, Highly Confidential, or Attorneys Eyes Only Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Confidential, Highly Confidential, or Attorneys Eyes Only Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential, Highly Confidential, or Attorneys Eyes Only Material pursuant to this Stipulation and Protective Order.

23. Confidential, Highly Confidential, or Attorneys Eyes Only Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

24. Within thirty (30) days of the conclusion of this Action, the non-disclosing parties shall either return to the disclosing party all Confidential, Highly Confidential, and Attorneys Eyes Only Material and any copies thereof which are in such non-disclosing party's custody, possession, or control; or securely destroy such materials, at the election of the disclosing party.

25. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order.

26. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order or

decision by the Court.

Dated: New York, New York
       11/8    , 2018

**JESSICA M. GORMAN**
Attorney for Plaintiff

By: _____

Law Office of Jessica M. Gorman
P.O. Box 706
Albany NY 12201
(518) 795-5022

**BARBARA D. UNDERWOOD**
Attorney General of the State of New York
Attorney for Defendants Kaplan, Snyder, and Padilla

By: _____

Kacie A. Lally
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8599

SO ORDERED:

Dated: _Nov. 13, 2018_

_____
U.S.D.J.
M

## CERTIFICATION

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>Doe v. Kaplan</u>, 16 Civ. 9870 (NSR) (JCM), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
TELEPHONE NUMBER